Thomas J. Moran (SBN 278940)
FEDERAL EXPRESS CORPORATION
2601 Main Street, Suite 340
Irvine, California 92614
Telephone:  949.862.4625
Facsimile: 901.492.5641

thomas.moran@fedex.com

Attorney for Defendant,
FEDERAL EXPRESS CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANNE ADAMOS,<br><br>               Plaintiff,<br><br>      v.<br><br>FEDERAL EXPRESS CORPORATION, and DOES 1 to 50, inclusive,<br><br>               Defendants. | **Case No. 2:24-cv-10168**<br><br>[Los Angeles County Superior Court Case No. 24LBCV02247]<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 & 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>Complaint Filed: October 16, 2024<br>Trial Date:          None |

**TO ALL PARTIES, THEIR ATTORNEYS, AND THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Federal Express Corporation ("FedEx Express" or "Defendant") hereby removes the above-captioned action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California.

(315256)

1

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

This removal is based on diversity jurisdiction. This case meets the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

As required by 28 U.S.C. § 1446(d), Defendant is filing in the Superior Court of the State of California, County of Los Angeles, and serving upon Plaintiff and her counsel of record, a Notice to State Court and Adverse Party of Removal of Civil Action to Federal Court with these removal papers.

In support of this Notice of Removal, Defendant states the following:

## 1.   JURISDICTION [LOCAL RULE 8-1]

1.   This Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount of controversy for the named plaintiff exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States." This case meets each requirement of section 1332 for removal and is timely and properly removed by the filing of this Notice pursuant to 28 U.S.C. section 1446(b)(3). Furthermore, venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and 1446.

## 2.   PROCEDURAL BACKGROUND

2.   On October 16, 2024, Plaintiff Julianne Adamos ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled *Julianne Adamos v. Federal Express Corporation*, LACSC Case No. 24LBCV02247. (Declaration of Karen Sasso, ("Decl. Sasso"), at ¶ 2, Ex. 1. Hereinafter the "Complaint.") Plaintiff sued Federal Express Corporation ("FedEx" or "Defendant") and DOES 1-50, alleging the following causes of action: (1) Sexual Harassment [Hostile Work Environment] in Violation of Government Code §§12923, 12940(j); (2) Sex Discrimination in Violation of Government Code §12940(a); (3) Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n); (4) Failure to Provide Disability Accommodation in Violation of California

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(315256)                                    2

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

Government Code §12940(m); (5) Failure to Prevent Sexual Harassment and Sex Discrimination in Violation of California Government Code §12940(k); (6) Intentional Infliction of Emotional Distress.

3. Plaintiff seeks unspecified compensatory and actual damages, including loss of income and loss of future earning capacity; past and future non-economic damages for severe physical, emotional, and mental pain, suffering, and distress; punitive damages; and attorneys' fees. *See* Complaint, ¶¶ 59-60; Prayer of Relief, p. 15.

4. On October 24, 2024, Plaintiff served the Summons and Complaint on FedEx. (Decl. Sasso, at ¶ 3.)

5. On November 21, 2024, FedEx filed an Answer to the Complaint in State Court. (Decl. Sasso, ¶ 4 Ex. 8.)

6. Pursuant to 28 U.S.C. § 1446(a), **Exhibits 1-8** attached to the Declaration of Karen Sasso constitute all process, pleadings, and orders served on FedEx in this action. (Decl. Sasso, at ¶ 5.)

**3.** **FEDERAL EXPRESS CORPORATION HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

**A.** **Timeliness**

7. Pursuant to 28 U.S.C. § 1446(b), "[A] notice of removal may be filed within thirty days after receipt by the defendant, though service or otherwise of a copy of an amended pleading, motion, order or other paper from which it may be first be ascertained that the case is one which is or has become removable." As is set forth above, Plaintiff served the Complaint on FedEx on October 24, 2024. The thirtieth day from October 24, 2024 fell on Saturday, November 23, 2024, resulting Monday November 24, 2024 being the last day to remove the action pursuant to F.R.C.P. 6(a)(3). As such, removal is timely, as the action is being removed on the first court day within the 30th day of service of the Summons and Complaint on FedEx, and within one year after commencement of this action in accordance with 28 U.S.C. §

1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C).

**B.    Venue**

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1446 because this action was originally filed in Los Angeles Superior Court, located within the Central District. Venue of this action is also proper pursuant to 28 U.S.C. § 1391, providing that an action may be venued in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a).

**C.    Procedural Requirements**

9.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon FedEx are attached to the Declaration of Karen Sasso in Support of this Notice of Removal. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, with all removal papers attached, is being served upon counsel for the Plaintiff and a copy is being filed with the Clerk of the Superior Court in Los Angeles County and with the Clerk of the Central District of California. (Decl. Sasso, at ¶ 5.)

**4.    DEFENDANT HAS SATISIFED THE REQUIREMENTS FOR DIVERSITY JURISDICTION**

**A.    There Exists Diversity Between the Parties**

10.    Citizenship of the FedEx Defendants: A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Defendant FedEx was incorporated in Delaware with its principal place of business in Memphis, Tennessee. (Declaration of Shahram A. Eslami at ¶ 3). Accordingly, FedEx is a citizen of the States of Delaware and Tennessee.

11.    Citizenship of Plaintiff. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges she, at all times relevant to

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(315256)

4

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

this action, resided in the County of Los Angeles, State of California. (Complaint, at ¶ 1.) Accordingly, Plaintiff is a citizen of California.

12.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(a). Moreover, "Doe" defendants named but not served are not joined in this Notice of Removal. *Savelson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984).

13.     Therefore, under 28 U.S.C. § 1332(a), this action is between parties who are citizens of different states: Plaintiff, a citizen of California, and Defendant FedEx, a citizen of Delaware and Tennessee. Once the foregoing minimal diversity has been established, removal is proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B.     The Amount In Controversy Exceeds $75,000

14.     Defendant denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, "[i]n measuring the amount of controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated.")).

15.     The Complaint does not indicate a total amount of damages claimed; consequently, FedEx only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996), *amended* 102 F.3d 398, 404 (9th Cir. 1996). The arguments and facts set forth may

appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citing *Willingham v. Morgan*, 395 U.S. 402, 407, n.3 (1969)). Evidence establishing the amount is required only if the plaintiff, or court, challenges the defendant's allegations. *See, Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Here, there is no question the amount claimed by Plaintiff exceeds the amount in controversy.

20.   Lost Wages. Plaintiff seeks lost past and future earnings. *See* Complaint, 59. Plaintiff claims that due to unlawful harassment and discrimination she "had no choice but to resign" from FedEx on January 27, 2024. (Complaint, ¶ 23.) At the time of her resignation, Plaintiff was a Part-Time Courier earning a $23.26/hr, paid on a weekly basis. (Decl. Sasso, at ¶ 6.) In the six months leading up to Plaintiff's resignation, which includes a portion of time at a lower rate of pay, Plaintiff earned approximately $763 per week. (Decl. Sasso, ¶ 6.) Assuming *arguendo*, Plaintiff were to recover back wages from her last day worked until the present, this approximately 42-week period amounts to $32,046 (42 weeks x $763). If the case proceeds to trial in a year from now, and Plaintiff remains unemployed, her back pay claim will total approximately $71,722 (94 weeks x $763). In addition, front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only two years after trial, the amount of future wages in controversy in this case would total at least an additional $79,352 in lost wages (104 weeks x $763). The total amount in controversy related to Plaintiff's for claim for past and future lost wages claim is

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

**$151,074**. Accordingly, Plaintiff's claim for lost wages alone is sufficient to satisfy the amount in controversy for purposes of diversity jurisdiction.

21. <u>Emotional Distress</u>. Plaintiff's claims for emotional distress are likewise properly considered in determining the amount in controversy. Plaintiff claims she suffered severe emotional distress, including humiliation, anguish, and embarrassment, as a result of sexual harassment, sex discrimination, failure to accommodate, and other FEHA claims. *See generally,* Complaint. Although Plaintiff does not specify an amount, similar cases illustrate that emotional distress damages alone in employment related claims may greatly exceed the minimum statutory amount in controversy. *See, e.g., Carreon v. Foodservice, Inc.*, No. 20STCV13066, 2022 WL 19004566 (Apr. 2, 2020) (jury verdict awarding plaintiff $200,000 for pain and suffering related to sexual harassment claims); *Weyhe v. Wal-Mart Stores, Inc.*, No. 34-2008-00030876, 2010 WL 3411462 (Jul. 1, 2010) (jury awarded plaintiff $400,000 for his past pain and suffering, on causes of action for retaliation, failure to prevent retaliation, failure to provide reasonable accommodation and failure to engage in the interactive process); *Hernandez v. Regents of the University of California*, No. RG06272564, 2009 WL 6045700 (2009) (jury issued a $266,347 award for pain and suffering to a plaintiff-employee who determined that the plaintiff's employer wrongfully terminated her in retaliation for demanding reasonable accommodations).

22. <u>Attorneys' Fees</u>. Plaintiff alleges causes of action for violations of the FEHA, and alleges she is entitled to attorneys' fees for each of those claims. The FEHA allows a prevailing plaintiff to recover attorneys' fees. Cal. Gov. Code § 12965(b). The Ninth Circuit held "a court must include future [post-removal] attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy was met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Although the amount in controversy is satisfied even without considering attorneys' fees, Plaintiff's demand for attorneys' fees further increases the amount in controversy above the $75,000 threshold.

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(315256)

7

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

23.   <u>Other Damages</u>. Plaintiff also seeks an award of punitive damages and open-ended relief as "such other and further relief as the Court may deem proper and just." These additional, unspecified damages claims also must be considered in determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining the jurisdictional amount"); *see also*, *Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she plead in the complaint that she did not assert a claim in excess of $75,000).

24.   It does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (internal quotations and citation omitted). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.00.

Based upon the foregoing, Plaintiff's claims exceed the $75,000 jurisdictional limit of this Court required by the diversity statute. Additionally, as set forth above, this is a civil action between citizens of different states. Consequently, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and one that is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

/ / /

/ / /

/ / /

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(315256)

8

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL
ACTION

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), Defendant FedEx Express removes this case from the California Superior Court for the County of Los Angeles to the United States District Court, Central District of California.

DATED:  November 25, 2024          Respectfully submitted,

By: */s/ Thomas J. Moran*
Thomas J. Moran
Attorney for Defendant,
FEDERAL EXPRESS CORPORATION

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 340
IRVINE, CA 92614

(315256)

9

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION

# CERTIFICATE OF SERVICE
### *Julianne Adamos v. Federal Express Corporation*

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614.

On November 25, 2024, I served the within document(s): **FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION**

☒ With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

☐ by arranging with First Legal Attorney Service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 340, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Katherine J. Odenbreit, Esq. (SBN: 184619)
kodenbreit@mahoney-law.net
Ping Shen, Esq. (SBN: 349254)
pshen@mahoney-law.net
MAHONEY LAW GROUP, APC
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802
Phone: (562) 590-5550
Facsimile: (562) 590-8400
**Attorney for Plaintiff, *JULIANNE ADAMOS*.**

☒ *(Federal)*  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 25, 2024, at Irvine, California.

Desiray Russell

Federal Express Corporation 2601 Main Street Suite 340 Irvine, CA 92614

(315256)

FEDERAL EXPRESS CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION